# C. A. PADDOCK ET AL.

## v.

## A. H. POTTER ET AL.

JANUARY TERM, 1895.

*Competency of witness.    Death of party.    Construction
of deed.    Undelivered deed.*

1.  If a mortgage is executed to two mortgagees jointly, although
    to secure their separate debts, the contract is between them
    jointly on the one part and the mortgagor upon the other
    and the death of one mortgagee will not render the
    mortgagor incompetent as a witness.

2.  A conveyance of "any interest that we or either of us may
    have in any other real estate" will not carry an after
    acquired interest.

3.  The mere execution of an undelivered deed does not convey
    an interest in the premises to a grantee who has no legal
    right to demand a conveyance, and if the deed is subse-
    quently delivered the grantee's title will date from the
    delivery.

Petition of foreclosure.    Heard upon the report of a
special master at the June term, 1894, Bennington County.
TAFT, chancellor, decreed foreclosure as to all the pieces
sought to be foreclosed except the sixth, and dismissed the
petition as to that.    The petitioners appeal.

April 2, 1889, the defendants, A. H. Potter and wife,
executed to the orator, Bates, and the testate of the orator,
Paddock, the mortgage which it was sought to foreclose.

The mortgage describes specifically five different parcels of land, and no question was made by the defendant but what the orators were entitled to foreclosure in respect to these parcels.

The mortgage also contained this clause: "And we further hereby convey any and all other real estate in the town of Pownal that we, or either of us, own or possess, or any interest that we, or either of us, may have in any other real estate in said Pownal." Under this clause the orators claimed foreclosure of four other parcels not specifically described. As to the seventh, eight and ninth parcels no serious question was made by the defendants, the dispute being upon the sixth, as to which the facts were these.

March 9, 1884, one Sarah E. Lincoln executed and acknowledged, in due form, a deed of certain land in the town of Pownal to the defendant, A. H. Potter, being said sixth parcel. By the terms of this deed Mrs. Lincoln reserved to herself the use of the premises during her life time. The deed was not delivered by her to the defendant Potter until about October 13th, 1891. It was at once taken by him to the town clerk of Pownal and recorded. Mrs. Lincoln deceased in 1892 and before the commencement of this suit.

The premises were conveyed to Mrs. Lincoln by defendant Potter and his brother E. A. Potter upon the same day that she executed the deed in question. At that time there was a dwelling-house upon the land nearly completed, and the master found that the conveyance from Potter and his brother was in pursuance of an agreement to do so if she erected the house; that the value of the land before the erection of the house was from two hundred to three hundred dollars and of the house five thousand dollars; that there was no consideration for the conveyance to Mrs. Lincoln, who was the mother of defendant Potter's first wife, except the hope that it might result in benefit to him; that he had no legal

right to demand a conveyance from her, but that there was always an expectation upon his part that she would make the conveyance as she did, and that he had expended considerable labor upon the premises without compensation upon the strength of this expectation.

The mortgage was given to Ichabod F. Paddock and Daniel F. Bates, jointly, and was conditioned for the payment to the said Paddock of two promissory notes for the sum of two thousand one hundred dollars, and for the payment to the said Bates of two other promissory notes for the like sum of two thousand one hundred dollars. Upon the trial before the master the defendant, A. H. Potter, was offered as a witness. The orators objected that his testimony was incompetent, for the reason that the said Ichabod F. Paddock had deceased. The testimony was received by the master, subject to this objection and exception, and the orators excepted to the master's report upon that ground.

*W. B. Sheldon* for the orators.

Since the delivery of the deed from Mrs. Lincoln to A. H. Potter was made in pursuance of a previous expectation, it should relate back to the date of the deed itself. *Bell* v. *Farmers' Bank of Ky.*, 21 Am. Rep. 205 ; *Jones* v. *Jones*, 16 Am. Dec. 40 ; *Tallman* v. *Cooke*, 39 Ia. 402 ; *Shirley* v. *Ayres*, 45 Am. Dec. 547 ; *Mather* v. *Corliss*, 103 Mass. 568 ; *Foster et ux.* v. *Mansfield*, 44 Mass. 412.

The mortgage would convey after acquired land. *Rauch* v. *Dech*, 116 Penn. St. 157 ; *Reynolds* v. *Cook*, 83 Va. 817, (5 Am. St. Rep. 317) ; *Jarvis* v. *Aiken*, 25 Vt. 639 ; *White* v. *Patten*, 24 Pick. 324.

*Waterman, Martin & Hitt* for the defendants.

The testimony of Potter was admissible. The mortgage was given jointly to Paddock and Bates, and Bates, the

survivor, is a party to this suit. *Dawson* v. *Waite*, 41 Vt. 626; *Bradish* v. *Belknap*, 46 Vt. 1.

The deed of Mrs. Lincoln was inoperative until it was delivered. 1 Perry Trusts, s. 99; *Elinore* v. *Marks*, 39 Vt. 538.

ROWELL, J.  Although the mortgage secured only the several debts of the mortgagees, yet it was executed to them jointly, and therefore they together were the party thereto of the one part and the mortgagors of the other part; hence the death of one of the mortgagees did not render the mortgagor Potter incompetent to testify concerning the scope of the mortgage in respect of what land it embraced, as the other mortgagee was living and competent to testify.

After specifically describing five pieces of land, the mortgage contains these words: "And we further hereby convey any and all other real estate in the town of Pownal that we or either of us own or possess, or any interest that we or either of us may have in any other real estate in said Pownal."

The petitioners claim that at the time of the execution of the mortgage, the mortgagor Augustus H. Potter had an interest in the piece of land called in the case the sixth parcel that passed under those general words of the mortgage; but if not an interest then, that those words are broad enough to embrace an after-acquired interest therein, and that he acquired such interest, which, when it accrued, fed the estoppel and passed it at once under the mortgage, as it contains full covenants of warranty.

But we construe those words to embrace only a then present interest and not an after-acquired interest. The words "may have," as there used, mean, may now have, and not, may hereafter have. This is clear from the context. This construction disposes of the claim of title by estoppel, and leaves for consideration only whether Potter had an interest

in that parcel when the mortgage was given, which depends upon whether the deed from Mrs. Lincoln to him, executed long before the mortgage was given, conveyed title to him before it was delivered. The facts concerning that deed are these: Potter and his brother owned a lot of land worth two hundred or three hundred dollars; under an oral agreement to convey it to her, Mrs. Lincoln, the mother of Potter's first wife, erected an expensive house thereon, in the building of which Potter labored without compensation; after it was built, he and his brother conveyed the land to Mrs. Lincoln as agreed, and she at the same time executed to Potter a quit-claim deed of the premises with certain conditions, but kept the deed in her posession and control till October 15, 1891, long after the mortgage was given, when, thinking her end near, she delivered it to him and it was recorded. There was no understanding when Potter and his brother deeded to Mrs. Lincoln that she should reconvey to him, and he never considered that he had any legal interest in the premises; but although Potter was not entitled to demand a deed, yet there was an expectation that she would reconvey to him and that her affection for him would enure to his benefit. The only consideration moving to Potter's brother for deeding to Mrs. Lincoln was the benefit Potter might derive therefrom.

Many claims are put forth in argument as affording ground for holding that this deed conveyed a present interest to Potter that passed under the mortgage; but a careful consideration of them fails to disclose such ground, and mainly because the facts found do not warrant the claims. Upon the findings, this deed was subject to the absolute control of Mrs. Lincoln till its delivery; there was no secret trust in the matter, and she could have destroyed the deed at any time and conveyed the premises to whomsoever else she pleased, and Potter would have had no legal ground of complaint. In these circumstances the deed evidently

passed no title till delivery, and then, for present purposes, as of that date, and not by relation as of the date of the deed.

The defendants claim that the seventh and the ninth parcels did not pass under the mortgage, but the question is not pressed at all, as well it may not be, for no such defence is made by the answer, but on the contrary the answer pretty much says that no question is made about it.

*Decree affirmed and cause remanded. Let the Court of Chancery fix the time of redemption.*